UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 7-cr-10101 WGY |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 1343 - Wire Fraud |
| ROBERT P. DOOLEY | ) | |

### INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### GENERAL ALLEGATIONS

1.  At all times pertinent to this Information, defendant ROBERT P. DOOLEY ("DOOLEY") was a current or former employee of the United States Department of Treasury, Internal Revenue Service ("IRS"). DOOLEY was employed as a clerk at the IRS Andover Service Center in Andover, Massachusetts from on or about February 25, 2001 to on or about September 13, 2002. In connection with his employment by the IRS, on or about October 2, 2001 DOOLEY was issued an identification badge which included an Internal Revenue Service seal, DOOLEY's photograph, DOOLEY's name, DOOLEY's signature, and DOOLEY's employee number: 08-03209.

2.  At all times pertinent to this Information, The Home Depot, Inc. ("Home Depot"), operated a chain of retail home improvement stores throughout the United States, including stores in Massachusetts, Maine, New Hampshire, Vermont, Connecticut, New York, Rhode Island, Texas and Oklahoma. Home Depot is a corporation organized under the laws of Delaware with its headquarters in Atlanta, Georgia.

3.  At all times pertinent to this Information, Home Depot permitted customers to

1

return items purchased in a Home Depot store without a sales receipt. When a customer without a sales receipt presented an item for return to Home Depot, claiming that the item was originally purchased in a Home Depot store, Home Depot required that the customer present photo identification, such as a drivers license or military identification, and to sign a return receipt. The Home Depot returns clerk entered on the register/terminal the items returned, the value of the items, and the number on the customer's photo identification (such as a driver's license number or military identification number).

4. Customers who returned items without a sales receipt were provided with Home Depot store credit. The amount of the store credit, first entered in the register/terminal where the items were returned, was subsequently transmitted by wire and stored electronically in a Home Depot computer server which was located outside the District of Massachusetts. The customer was provided a plastic card bearing Home Depot's name on the front and a Universal Product Code (UPC), also known as a bar code, on the rear. The UPC on the card issued to the customer was linked to the amount of store credit stored in the Home Depot server. A customer could use that Home Depot card bearing the unique UPC to purchase items at any Home Depot store in the United States. Each time such purchases were made, the register/terminal of the purchase location would transmit and receive information to and from a Home Depot server outside the District of Massachusetts.

5. At all times pertinent to this Information, all Home Depot transactional information – including information regarding returns, store credit, use of store credits, and purchases – which was entered in a store register/terminal at the point of sale was initially stored in that store's local computer server. At least once a day, local computer servers transmitted

transactional information via a wire, specifically a T-1 line, to Home Depot's main server outside the District of Massachusetts. To receive authorization to process an item returned, a Home Depot cashier had to enter identifying information from the person returning the item into the register/terminal and that information was immediately transmitted via wire to Home Depot's main server outside the District of Massachusetts.

## SCHEME TO DEFRAUD

6. At all times material to the Information, DOOLEY engaged in a scheme to defraud Home Depot. The scheme involved fraudulently obtaining Home Depot store credit by: taking items from a Home Depot store without purchasing them; bringing those items to the return desk at a Home Depot store; falsely claiming that he had purchased the items and saying he had no receipt; showing his IRS identification badge as his proof of identity, and, at times, making claims that he was trustworthy because he worked for the IRS; receiving store credit in the amount of the "returned" items; and then selling or bartering those fraudulently obtained store credits at a reduce price to persons known and unknown to the Office of the United States Attorney. Between on or about May 2002 and through on or about October 2005, Dooley executed this scheme at Home Depot stores in Massachusetts, New Hampshire, Maine, Vermont, Rhode Island, Connecticut, New York, Texas, and Oklahoma. In the period of July 2004 through October 2005, DOOLEY defrauded Home Depot of in excess of $330,000.

## MANNER AND MEANS OF SCHEME

7. In each of the specific instances charged below, DOOLEY was driven to a Home Depot store in the District of Massachusetts by an accomplice. While the accomplice waited in the car, DOOLEY entered the store and gathered several items on a cart with an aggregate value of between $500 and $1,000. DOOLEY then proceeded to the returns desk in that Home Depot

store without first paying for the items.

8. DOOLEY approached the returns clerk and explained that he wanted to "return" the items he had just gathered from the store. He would also explain that he did not have a receipt for their purchase.

9. When appearing at the returns desk, DOOLEY wore his IRS identification badge on a lanyard around his neck. When asked by the returns clerk for identification to process the transaction, Dooley indicated that he worked for the IRS and would hold up his IRS identification badge as proof of his identity.

10. DOOLEY would then provide the clerk with an IRS badge number. At times, DOOLEY employed his true badge number. However, on most occasions DOOLEY provided a false badge number. DOOLEY varied the badge number he provided to clerks so that his "return" would not be immediately detected as fraudulent.

11. The returns clerk scanned the UPC of the items DOOLEY sought to return into the register/terminal, and entered DOOLEY's identification number into the register/terminal. That data was transmitted via wire to computer servers outside the District of Massachusetts. The returns clerk then provided DOOLEY with a Home Depot card with an unique UPC. That UPC was linked with a store credit which was communicated via wire to and stored on a Home Depot server outside the District of Massachusetts.

12. DOOLEY took the fraudulently obtained Home Depot card, left the store, and was driven from the location by his accomplice. During the relevant time period, DOOLEY recruited and paid more than five individuals to act as his drivers.

13. DOOLEY subsequently sold the Home Depot cards for substantially less than their face value, or traded them for items of value, to individuals known and unknown to the

4

Office of the United States Attorney.

## COUNTS ONE through TWELVE

### (Wire Fraud - 18 U.S.C. §§1343 and 2)

14.  Paragraphs 1 through 13 are re-alleged and incorporated herein.

15.  On or about the following dates, in the District of Massachusetts and elsewhere, the defendant

ROBERT P. DOOLEY,

having devised and intending to devise the foregoing scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice as follows:

| Count | Date | "Return" Store Location | IRS Badge No. Provided | Items "Returned" | Wire Communication |
|---|---|---|---|---|---|
| 1 | 4/8/04 | Chicopee, MA | 08 02293 14 | Casement window and awning | Transmission of "return" data to Atlanta, GA; transmission of credit data to and from Atlanta, GA |
| 2 | 11/10/04 | Rockland, MA | 06 05208 31 | Wht Low E (Sliding door) | " |
| 3 | 1/17/05 | Rockland, MA | 04 04212 33 | Floor Tile | " |
| 4 | 2/7/05 | Bellingham, MA | 08 03209 73 | Vinyl Tile | " |
| 5 | 2/27/05 | Wareham, MA | 08 02209 55 | Casement Window | " |
| 6 | 3/23/05 | Leominster, MA | 08 03209 59 | Vinyl Tile | " |
| 7 | 3/24/05 | Wareham, MA | 08 02209 69 | Vinyl Tile | " |

5

| Count | Date | "Return" Store Location | IRS Badge No. Provided | Items "Returned" | Wire Communication |
|---|---|---|---|---|---|
| 8 | 4/10/05 | Taunton, MA | 07 03209 23 | Floor Tile | " |
| 9 | 4/24/05 | Wareham, MA | 08 02209 69 | Vinyl Tile | " |
| 10 | 7/2/05 | Reading, MA | 08 04209 13 | Floor Tile, Vinyl Tile | " |
| 11 | 7/15/05 | Reading, MA | 07 03208 25 | Casement Window | " |
| 12 | 8/12/05 | Methuen, MA | 08 03207 22 | Sliding Door Kit | " |

All in violation of Title 18, United States Code, Sections 1343 and 2.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: 4.5.07

By: _____
JOHN T. McNEIL
Assistant U.S. Attorney
(617) 748-3242